JONES, Justice
(dissenting).
I respectfully dissent.
The majority opinion footnotes Robert D. Hunter’s article on the 1987 “tort reform” legislation. Mr. Hunter, who served as the Governor’s special counsel on tort reform, writes: “The Alabama Medical Liability Act of 1987 is intended to govern all actions, whether in contract or tort, against health care providers for the alleged breach of the standard of care.” Hunter, Alabama’s 1987 Tort Reform Legislation, 18 Cumb.L.Rev. 281, 309 (1988). (Emphasis added.) The Alabama legislature underscored Act 87-189’s application when it declared its intent that the act “insure that quality medical services continue to be available at reasonable costs to the citizens of the State of Alabama.” Ala. Code 1975, § 6-5-546. Thus, as to suits against health care providers alleging breach of the standard of care, the Medical Liability Act preempts the field.
The forum non conveniens provision of the Medical Liability Act and the forum non conveniens provision of the general “tort reform” act are essentially identical except for their application during a transition period. (The effective dates of the two acts are the same — June 11, 1987.[1]) The general forum non conveniens provision does not apply to suits pending on June 11, 1987 (thus, by implication it applies to *1349 causes of action that had accrued but had not been filed before June 11); the forum non conveniens provision contained in the Medical Liability Act applies only to causes of action accruing after June 11, 1987. The significance is clear: Causes of action against health care providers, alleging a breach of the standard of care, accruing before June 11, 1987, whether the action is filed before or after June 11, are governed by the Medical Liability Act, the operative effect of which precludes the transfer of venue of such actions.
The majority opinion confuses the effective date of the act’s application with the operative effect of its provisions. By excluding from the application of its transfer provision those prior accrued causes of action, where the action is filed after its effective date (June 11, 1987), the Medical Liability Act manifests a clear legislative intent not to authorize transfer of such actions. It is just as obvious, it seems to me, that the legislature did not intend to leave the cases falling within this transition period to the application of the forum non conveniens provision of the general act. Indeed, the effect of this holding is to render the forum non conveniens provision of the Medical Liability Act a nullity.
If the change-of-venue provision of the Medical Liability Act does not operate to prevent transfer of the instant suit, then its preemptive effect is not only void during the transition period, but for all times. Stated otherwise, because the transfer-of-venue provision of the general act operates to the identical effect as its Medical Liability Act counterpart beyond the transition period (for all causes of action accruing after June 11,1987), if the Medical Liability Act provision has no field of operation during the transition period, as held by the majority, then for all times it has no field of operation.
Furthermore, even stranger anomalies are created by the majority holding as it relates to the application of other parallel provisions of the two acts during the transition period. For example, the “substantial evidence” rule of the general act (which applies to all actions, except for pending suits, whether the cause of action accrued before or after June 11,1987) defines “substantial evidence” as “evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to, be proven.” Ala. Code 1975, § 12-21-12. “Substantial evidence,” as defined in the medical liability act (which applies only to causes of action accruing after June 11, 1987), however, is “that character of admissible evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed.” Ala. Code 1975, § 6-5-542.
Surely, the legislature, by giving separate definitions to “substantial evidence” in the separate acts, did not intend for the general act’s definition ever to be applied in a lawsuit alleging breach of the standard of care by a health care provider. The majority opinion nonetheless applies a strange dual preemption rule to this case: Not only is the case subject to transfer under the general act, according to the majority opinion, but all of the other pertinent provisions of the general act will govern the trials of the case in its new forum. I would hold that because the cause of action accrued before June 11, 1987, the Medical Liability Act governs the case and that its forum non conveniens provision, by its express terms, is inapplicable to effect transfer of venue. Therefore, the issue is properly resolved by reference to the law as it existed before June 11, 1987, not by reference to the general act. Consequently, the trial judge did not err, and I would deny the petitions.

. For the sake of clarity, it should be noted that the language providing for inconsistent applications of the two acts during the transition period is not contained in the separate forum non conveniens provisions (indeed, this language is not even contained in the Code, nor need it be); rather, it is contained in the separate Acts (87— 181 and 87-189) and affects the entire acts, not just the forum non conveniens provisions.